**Date Signed:
June 17, 2014**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re LAWREN LEE TAKARA,<br><br>Debtor. | Case No. 10-00053<br>Chapter 13 |
| LAWREN LEE TAKARA,<br><br>Plaintiff,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF HARBOR POINTE,<br><br>Defendant. | Adv. Pro. No. 14-90013<br><br><br><br><br>Re: Docket No. 5 |

### DECISION ON PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION AND TURNOVER

After considering the oral argument and the post-hearing memoranda, I will grant the plaintiff's motion for a preliminary injunction and grant sanctions for the defendant's violation of a court order and the automatic stay.

## I. Jurisdiction and venue.

The bankruptcy court has personal and subject matter jurisdiction and has statutory and constitutional authority to enter an order on the motion.

## II. Background

Plaintiff Lawren Lee Takara owned a condominium unit in the Harbor Pointe project. She owes assessments to the Association of Apartment Owners of Harbor Pointe (AOAO).

The plaintiff filed for bankruptcy in January 2010. At that date, her payments to the AOAO were in arrears. Her chapter 13 plan provides for "cure and maintenance" of the AOAO claims (in other words, she proposed to pay her current postbankruptcy installments plus an additional amount to retire the prepetition arrears.) In May 2010, the court confirmed her chapter 13 plan.

Ms. Takara failed to make the required payments to the AOAO. In September 2010, the court granted the AOAO's motion for relief from the automatic stay to allow the AOAO to "exercise any rights and remedies under applicable nonbankrutpcy law with respect to" the Harbor Pointe condominium. The order specifically stated that "[t]here shall be no deficiency judgment or other money judgment without further order of the bankruptcy court[.]"[1]

---

[1] Case No. 10-00053, dkt. 50.

Ms. Takara then proposed a modification of her plan. The court approved the modification in December 2010.[2] The modification reduced her monthly payments and changed the treatment of the AOAO's claim from "cure and maintenance" to "surrender."

After it received relief from stay, the AOAO filed a complaint for foreclosure in state court in 2011. In 2013, the AOAO moved for summary judgment and requested a deficiency judgment. The state court granted its motion.

In January 2014, the AOAO obtained a wage garnishment order. It received at least three payments from the plaintiff's employer. After learning about the co-debtor's bankruptcy filing, the AOAO indorsed the checks to the plaintiff. Unfortunately, her bank would not accept the checks. Eventually, the AOAO returned all the money it received on account of its garnishment order.

Before the AOAO returned all of the money, the plaintiff filed this adversary proceeding. The plaintiff seeks an order 1) requiring the AOAO to vacate the deficiency judgment; 2) requiring the AOAO to release the garnishment order and refrain from further attempts to collect the debt; 3) requiring the AOAO to return all of the garnished funds immediately; and 4) granting the debtor all her reasonable legal fees and expenses.

---

[2] Case No. 10-00053, dkt. 61.

3

U.S. Bankruptcy Court - Hawaii   #14-90013   Dkt # 35   Filed  06/17/14   Page 3 of 9

## III. Standard

The Bankruptcy Code gives the court the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the bankruptcy code]."[3] This provision gives the court the power to grant injunctive relief.[4]

## IV. Discussion

### A. The AOAO Violated the Automatic Stay and The Order.

The AOAO argues that it did not violate the automatic stay. The AOAO is incorrect.

The AOAO argues that it did not violate the automatic stay or the court's order, since it sought a deficiency judgment only for post-petition arrearages. But attempts to collect post-petition arrears are stayed by section 362(a)(1). That section stays "the commencement or continuation . . . of a judicial . . . proceeding against the debtor that . . . could have been commenced" before the debtor filed for bankruptcy.

But for the order granting relief from the automatic stay, the AOAO was barred from foreclosing the property and getting a deficiency judgment for pre- or post-petition arrearages. When the debtor filed for bankruptcy protection, she was behind in paying her AOAO fees. Therefore, the AOAO could have filed suit to

---

[3] 11 U.S.C. § 105(a).

[4] *In re Exel Innovations, Inc.*, 502 F.3d 1086, 1093 (9th Cir. 1086).

foreclose on the debtor's property pre-petition, and the automatic stay precluded the AOAO from commencing or continuing such a suit post-petition. The deficiency judgment the AOAO obtained was part of the foreclosure action which "could have been commenced" pre-petition.

Similarly, section 362(a)(4) stays "any act to . . . enforce any lien against property of the estate." Here, the AOAO obtained leave to foreclose on the property and enforce its lien. However, the defendant took the impermissible step of obtaining a deficiency judgment and garnishing the debtor's wages, which were property of the estate, without seeking permission from the court.[5] This constituted a violation of a court order and a violation of the automatic stay.

The AOAO argues that its claim for post-petition fees is nondischargeable under section 523(a)(16). This is immaterial; the automatic stay applies to both dischargeable and nondischargeable claims.

### B. The Debtor Cannot Waive the Automatic Stay

The AOAO argues that since the plaintiff did not object to the motion for a deficiency judgment or the wage order, she waived her claims and she is estopped from asserting them now. I disagree. The automatic stay is self-effectuating. Creditors are obliged to obey it; debtors are not obligated to remind creditors of it. The stay

---

[5] 11 U.S.C. § 1305(a)(1) ("Property of the estate includes . . . all property . . . that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted . . . .").

5

U.S. Bankruptcy Court - Hawaii   #14-90013   Dkt # 35   Filed 06/17/14   Page 5 of 9

exists for the benefit of the debtor and other creditors.[6] The debtor cannot waive the automatic stay's protection.[7] The stay continues until specified events in section 362 occur. There is no waiver contingency in the statute.

### C. The Violation was Wilful

In a supplementary memorandum and declaration, the AOAO states that its attorneys acted in good faith reliance on previous statements I and Judge Lloyd King made. One of the attorneys testified that Judge King and I both told her that it is not necessary to obtain relief from the stay to collect post-petition arrearages. I do not doubt the attorney's honesty, but I do not remember making such a comment, and the AOAO's attorney cannot recall the name of the case in which she remembers me making it. Regardless, the written order in this case makes it perfectly clear that the AOAO was not permitted to obtain any money judgment without specific bankruptcy court approval.

While the AOAO does not explicitly state this, its argument seems to be that because it acted in good faith reliance on statements I may have made, it did not "willfully" violate the stay. This argument is not persuasive. In order to be "willful," the creditor must only be aware of the stay and act intentionally.[8] There is no serious

---

[6] *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995).

[7] *See* § 362(a), (c).

[8] *In re Bloom*, 85 F.2d 224, 227 (9th Cir. 1989).

6

dispute that the AOAO knew about the stay and intentionally obtained a deficiency judgment.

**D.    Remedies**

The AOAO argues that since there is no irreparable harm, there is no need for an injunction. I disagree.

The Ninth Circuit recognizes two bases for granting a preliminary injunction. The first requires the movant to prove that there will be "irreparable harm" without the injunction. The second requires the movant to show that "'serious questions are raised and the balance of hardships tips sharply in [her] favor.'"[9] The plaintiff has met this second basis. The plaintiff has raised serious questions about the AOAO's conduct. And the fact that there is still a judgment and a pending wage order that the AOAO can use is a hardship that tips sharply in her favor. The automatic stay is designed to give the debtor breathing room. Allowing orders to hang over the debtor like the Sword of Damocles is contrary to the purposes of the automatic stay.

I will enjoin the AOAO to discharge the deficiency judgment and the garnishment order. Because they were entered in violation of the automatic stay, they are void.[10] Requiring the AOAO to discharge them recognizes this legal reality.

---

[9] *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2004) (quoting *Johnson v. Cal. State Bd. Of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995)).

[10] *In re Schwartz*, 954 F.2d 569 (9th Cir. 1992).

U.S. Bankruptcy Court - Hawaii   #14-90013   Dkt # 35   Filed 06/17/14   Page 7 of 9

No injunction to return the plaintiff's funds is necessary. This issue is moot, because the AOAO has returned the plaintiff's money.

The debtor also requests reasonable attorney's fees and costs. I will grant this request. The bankruptcy court has the power to award attorney's fees for violations of the automatic stay under section 362(k) and its contempt power.[11]

The AOAO argues that the plaintiff did not have to contact her attorney and file this adversary proceeding. The implication is that the fees are not reasonable. I disagree. The automatic stay is supposed to be self-executing. Creditors are required to comply with it without being reminded. The debtor should not suffer expense because the AOAO ignored its obligations under the Code. While the AOAO might have returned the plaintiff's money without an adversary proceeding, the plaintiff did not have the benefit of knowing the AOAO's inclinations. Moreover, the adversary was still necessary to force the AOAO to release the wage order and the deficiency judgment, to which the AOAO still objects.

The plaintiff claims attorneys' fees and costs of $3,769.02 through June 2, 2014, plus $402.09 to conclude the matter. I find that the plaintiff's attorney's fees so far are reasonable. His rate of $310.00 per hour is not outside what is normal in Honolulu. And the activities he charged for and the amount of time he spent

---

[11] *Knupfer v. Dyer (In re Dyer)*, 322 F.3d 1178, 1189-90 (9th Cir. 2003).

U.S. Bankruptcy Court - Hawaii   #14-90013   Dkt # 35   Filed 06/17/14   Page 8 of 9

conducting those activities are also reasonable. That the AOAO believes that the debtor could have acted differently is not relevant, as I explained above.

The debtor claims that she incurred $29.04 in travel expenses due to the AOAO's conduct, plus lost work time that she cannot quantify. The quantified amount is reasonable. She does not request damages for emotional distress or punitive damages, neither of which would be warranted here.

## V.  Conclusion

The plaintiff's counsel shall submit a proposed order consistent with this decision.

## END OF DECISION